Stuart J. REILLY, Plaintiff–Appellee,

v.

CHARLES M. BREWER, LTD. Profit Sharing Plan and Trust, A Retirement Plan; Charles M. Brewer, Ltd. Restated Pension Plan, A Retirement Plan; and Charles M. Brewer, Defendants–Appellants.

No. 06–17345.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 13, 2008.

Filed Sept. 19, 2008.

Stuart J. Reilly, Stuart J. Reilly PC, Phoenix, AZ, pro se.

Ed F. Hendricks, Sr., Esquire, Meyer Hendricks, PLLC, Phoenix, AZ, C. Frederick Reish, Esquire, Michael A. Vanic, Esquire, Reish Luftman Reicher & Cohen, Los Angeles, CA, for Defendants–Appellants.

Before: SILER,* McKEOWN, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Plaintiff Stuart J. Reilly appeals the district court's judgment in favor of defendants Charles M. Brewer, Ltd. Profit Sharing Plan and Trust, a Retirement Plan, ("the Plan"), Charles M. Brewer, Ltd. Restated Pension Plan, a Retirement Plan, ("the Pension Plan"), and Charles M. Brewer. Reilly sued for retirement benefits under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § § 1001 et seq. Because the parties are familiar with the relevant facts, we discuss them only as necessary. We affirm.

Reilly argues the district court erred by disregarding ERISA § 408(b)(1), 29 U.S.C. § 1108(b)(1), and its accompanying regulations by approving of the defendants' offset of the balance due on the $233,141 loan with Reilly's retirement plan benefits. Reilly is correct that the loan was secured by 75% of the present value of his vested accrued benefit and that the

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

regulations plainly state that "[n]o more than 50% of the present value of a participant's vested accrued benefit may be considered by a plan as security for the outstanding balance on all plan loans made to that participant." 29 C.F.R. § 2550.408b–1(f)(2). This gives us pause. However, neither 29 U.S.C. § 1106(a)(1)(B) nor 29 C.F.R. § 2550.408b–1(f) provides for relief in the event of a violation of the security requirement. If Reilly were to prevail, he would receive his benefits twice. Such a result would not serve the purposes of ERISA.

> [I]f, as indicated by the legislative history, the anti-alienation provision is intended "to protect plan beneficiaries by ensuring that plan assets are used only for payment of benefits" we think that Congress's purpose "would be undermined, not advanced, by an interpretation that prohibited offset under these circumstances," because the Pension Fund's assets would be dissipated further through payments to those who had [already received their benefits] rather than being preserved for the beneficiaries' use.

*Coar v. Kazimir,* 990 F.2d 1413, 1420 (3d Cir.1993) (quoting *Crawford v. La Boucherie Bernard Ltd.,* 815 F.2d 117, 122 (D.C.Cir.1987)).

Further, the 1985 Pension Plan, in effect at the time of the $233,141 loan, explicitly allows for offset. Article XI of that document states, in part, "[the anti-alienation] provision shall not apply to the extent a Participant or Beneficiary is indebted to the plan.... At the time a distribution is to be made ... such proportion of the amount distributed as shall equal such indebtedness shall be paid by the Trustee to the Trustee ... to apply against or discharge such indebtedness." The loan documentation also explicitly allows for offset. The Irrevocable Pledge and Assignment,

signed by Reilly, states "[s]hould my employment terminate with Charles M. Brewer, Ltd. for any reason while this obligation is unpaid and ... the Trustee would ordinarily make a distribution from the Plan to me ... I authorize the Trustee to reduce the amount otherwise distributable ... by this outstanding indebtedness, together with any accrued interest due on the indebtedness." The district court did not err in allowing the offset. *See Shull v. State Mach. Co., Inc. Employees Profit Sharing Plan,* 836 F.2d 306, 308–09 (7th Cir.1987) (holding trustee acted properly in deducting the principal of a loan made to participant from his benefits upon participant's termination).

■ Next, Reilly argues the district court erred in ordering prejudgment interest as the remedy for the defendants' original underpayment of his benefits. He argues that the makeup distributions for all other Plan participants were calculated by using the appropriate annuity purchase rates pursuant to the terms of the Plan. However, no provision of the Plan directs how a former employee who cashed out of the Plan but received less than the full amount of his benefit due to a calculation error is to be compensated for that error, and Reilly cites no authority for his position. Accordingly, the district court did not abuse its discretion in ordering prejudgment interest as the remedy for Reilly's underpayment. Further, even if the district court's decision awarding prejudgment interest constitutes an abuse of discretion, Reilly fails to articulate how the decision prejudiced him. Any error is therefore harmless.

Finally, Reilly does not contest the district court's factual findings that the Plan satisfied the requirements of Alternative IID in IRS Notice 88–131, 1988–2 C.B. 546. Because Reilly does not challenge the district court's factual findings, he

concedes that the district court correctly determined that the Plan satisfied the requirements of Alternative IID. His remaining argument—that the defendants used Alternative IID to unlawfully reduce his protected vested accrued interest—therefore lacks merit. As the district court discussed, "[i]t is clear that the IRS intended 'Notice 88–131 [to give plan sponsors] a means to change benefit accruals retroactive to January 1, 1989, without violating 26 U.S.C. § 411(d)(6), which provides that a plan amendment may not decrease a participant's accrued benefit.'" (Findings & Recommendations 11, Aug. 29, 2006 (quoting *Scott v. Admin. Comm. of the Allstate Agents Pension Plan*, 113 F.3d 1193, 1195 (11th Cir. 1997)).). Accordingly, the district court did not err in permitting the Plan to "change benefit accruals" pursuant to Alternative IID.

**AFFIRMED.**